[No. A059366. First Dist., Div. Two. July 23, 1993.]

THE PEOPLE, Plaintiff and Respondent, v.
TRACY REED, Defendant and Appellant.

## COUNSEL

Rodney Richard Jones for Defendant and Appellant.

Daniel E. Lungren, Attorney General, George Williamson, Chief Assistant Attorney General, Ronald A. Bass, Assistant Attorney General,

Ronald S. Matthias and Herbert F. Wilkinson, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**SMITH, J.**—Tracy Reed pled guilty to inmate battery on a correctional officer. (Pen. Code, § 4501.5; all further section references are to that code.) Sentenced to a full consecutive lower term of two years over his objection that only one-third the middle term of three years (i.e., one year) was authorized (§ 1170.1, subd. (c)), Reed appeals the sentence. We affirm.

### BACKGROUND

Reed was originally committed to prison in July 1981 for a Los Angeles robbery. In February 1984, while serving a four-year term for that offense, he was sentenced to two years, consecutively, for a Monterey County battery on a correctional officer.

The current battery on a correctional officer was committed in October 1991 while Reed was confined to Pelican Bay State Prison in Del Norte County. Our record is incomplete. Reed's full criminal record was not received in time for sentencing, which was governed in any event by a negotiated plea. However, representations by his counsel below indicate that Reed committed this latest battery while back in prison after violating parole on the earlier battery.[1] As the facts are unimportant to this appeal, it is enough to note that Reed physically attacked an officer who came to his cell to counsel him.

### APPEAL

The new battery term, like those for many in-prison offenses, had "to be served consecutively." (§ 4501.5; see also §§ 4501, 4502, 4503 & 4530, subd. (b).) Whether that term could be a full lower, middle or upper term or, instead, could only be one-third the middle term depends on section 1170.1, subdivision (c). It provides in pertinent part that when a person commits felonies while "confined in a state prison . . . and the law . . . requires the terms to be served consecutively . . . , the term of imprisonment for all the convictions which the person is required to serve consecutively shall commence from the time the person would otherwise have been released from prison" and that "[i]f the new offenses are consecutive with each other, the

---

[1]Counsel said at sentencing: "I offer the Court an abstract of judgment out of Monterey County. This case is somewhat unusual. I freely admit that I have not received all the—I'm not sure the District Attorney has either, all of the ins and outs, so to speak, of the defendant since his original incarceration in 1983 [*sic*] and his subsequent incarceration. As I understand it, he essentially has been back on some parole violations, which are essentially parole violations, I would assume, for the 4501.5."

principal and subordinate terms shall be calculated as provided in subdivision (a), except that the total of subordinate terms may exceed five years. . . ."[2] Subdivision (a) of the section states the general scheme by which a judge imposing consecutive terms selects a "principal term" (i.e., the longest available full term plus enhancements) and, except for enumerated violent felonies, adds the remainder as an aggregate "subordinate term" (i.e., combining one-third the middle terms for each offense, enhancements excluded). "Read together, these provisions call for computation of a single term of imprisonment for all convictions of felonies committed in prison and sentenced consecutively, whether multiple convictions occur in the same court proceeding or in different proceedings. . . ." (*People* v. *McCart* (1982) 32 Cal.3d 338, 343 [185 Cal.Rptr. 284, 649 P.2d 926], construing former subdivision (b), since redesignated subdivision (c).)

 The parties agree, according to that scheme, that if Reed had been serving his prison term for the first in-prison battery when he committed the second, the term for the second would have been limited to one-third the middle term. That is, it would have been a subordinate term, the principal term being the unexpired one imposed for the first battery. They disagree on the effect of the intervening parole and reimprisonment for violating that parole. We conclude that those events allowed the imposition of a full consecutive term for the new battery.

Subdivision (c) of section 1170.1 does not directly answer our question but provides some clues to the legislative intent. It speaks of consecutive terms for in-prison offenses commencing "from the time the person would otherwise have been released from prison," that is, from the time one is released from prison for the *out-of-prison* offense or offenses initially causing the imprisonment. In this way the in-prison offenses are punished more harshly. The first one becomes, in effect, a new "principal" term rather than one "subordinate" to the outside offense term, as could occur under subdivision (a). Also, the double-the-base-term limitation of subdivision (a) is lifted so that every in-prison offense results in added prison time. (*People* v. *McCart, supra,* 32 Cal.3d 338, 344; *People* v. *White* (1988) 202 Cal.App.3d 862, 869-870 [249 Cal.Rptr. 165]; *People* v. *Holdsworth* (1988) 199 Cal.App.3d 253, 256 [244 Cal.Rptr. 782].)

---

[2]"In the case of any person convicted of one or more felonies committed while the person is confined in a state prison, or is subject to reimprisonment for escape from such custody and the law either requires the terms to be served consecutively or the court imposes consecutive terms, the term of imprisonment for all the convictions which the person is required to serve consecutively shall commence from the time the person would otherwise have been released from prison. If the new offenses are consecutive with each other, the principal and subordinate terms shall be calculated as provided in subdivision (a), except that the total of subordinate terms may exceed five years. This subdivision shall be applicable in cases of convictions of more than one offense in different proceedings, and convictions of more than one offense in the same or different proceedings." (§ 1170.1, subd. (c).)

This purpose of ensuring harsher punishment for in-prison offenses seems to us thwarted if Reed can avail himself of subordinate-term status after fully serving his sentence and being released on parole following his first in-prison battery. The passage of time alone is troubling. Our Supreme Court has left open the question whether section 1170.1, subdivision (c) (formerly subd. (b)) would allow a longtime inmate to commit a series of in-prison offenses, be sentenced under the principal-subordinate scheme and then have further in-prison offenses committed *years later* calculated only as further subordinate-term time. (*People* v. *McCart, supra,* 32 Cal.3d 338, 345, fn. 8.) One case has even suggested in dictum that the subdivision applies only to "contemporaneous, or nearly contemporaneous, consecutive in-prison offenses" (*In re Curl* (1983) 149 Cal.App.3d 236, 239 [196 Cal.Rptr.766]), which would be consistent with the subdivision's goal of protecting inmates against having the timing and prosecution of contemporaneous or nearly contemporaneous in-prison offenses manipulated to maximize prison time (*People* v. *McCart, supra,* 32 Cal.3d at p. 346). In this case, there was a lapse of almost eight years between the two in-prison offenses.[3]

Timing problems aside, however, an overriding problem is that Reed had fully served his time for the first in-prison offense and had been released on parole before committing the second in-prison offense. He committed the new battery while reconfined after parole revocation. The release on parole, we hold, takes the new in-prison offense out of the subordinate-term limitation. A person who is released on parole returns, albeit provisionally and under supervision, to society at large for another chance. When that person ends up back in prison for abusing his or her freedom and there commits a further in-prison offense, immunity against a full consecutive term works *against* subdivision (c)'s policy of ensuring that in-prison offenses be harshly punished. The situation is like that of a person who commits an outside offense and then offends in prison; the statute in that case demands a full consecutive term for the in-prison offense. (§ 1170.1, subd. (c).) The analogy works particularly well when we reflect that parole is often revoked for committing a new substantive offense. Only the relative ease of pursuing parole revocation, over felony trial, prevents a new "outside" conviction from arising. Turning to another policy concern of the statute, we observe that where there has been an intervening parole release, there is little risk that prison officials can manipulate the timing and prosecution of new in-prison offenses in relation to older ones. (*People* v. *McCart, supra,* 32

---

[3]The court said at sentencing: "[B]ecause the prior conviction was on January 26, 1984, and because the offense in this current case was committed on October the 7th of 1991, I am making the finding that this case is not a contemporaneous offense to the 1984 conviction as was discussed in In re Curl and People vs. McCart, and therefore it is my feeling that a full consecutive term can be imposed in this case. But for the record I will note that you are objecting to that . . . ."

Cal.3d 338, 346.) Finally, a parole term is typically three years or more with a chance of twelve added months for new offenses (§§ 3000, subd. (b), 3057), a period which may greatly exceed the original sentence. To extend subordinate-term treatment throughout that time serves no good purpose. It effectively immunizes the parolee, years after the sentence is served, against receiving full terms for new in-prison offenses, conferring on parolees a leniency which no nonfelon enjoys. The Legislature could not have intended that result.

Reed notes that his reimprisonment after parole revocation was "directly attributable" to his first in-prison conviction. However, that is not controlling. ██ ██ Section 1170.1 is part of the determinate sentence law, which brought "a basic change in [the] approach to parole . . . . Parole was formerly considered a part of the term served in confinement. Under the present scheme, however, the parole period is imposed *separately* from the term of imprisonment. . . ." (*In re Wilson* (1981) 30 Cal.3d 438, 442 [179 Cal.Rptr. 207, 637 P.2d 674].) Thus, while a parolee is deemed in "custody" until the expiration of the parole period (*People* v. *Britton* (1984) 156 Cal.App.3d 689, 695 [202 Cal.Rptr. 882]; § 3056; but see § 4504 [parolee is not " 'confined in' " state prison for purposes of in-prison offenses]) and is in "constructive custody" for some purposes (*In re Harincar* (1946) 29 Cal.2d 403, 408 [176 P.2d 58] [state habeas corpus jurisdiction]), the parole period is not part of the sentence. Sentence is completed at the end of the stated term of imprisonment. (*People* v. *Mathews* (1980) 102 Cal.App.3d 704, 712 [162 Cal.Rptr. 615]; *People* v. *Britton, supra,* 156 Cal.App.3d at pp. 695-696.) This is further reason to reject Reed's view that the Legislature meant for subordinate-term treatment of in-prison offenses to extend into the parole period.

Because Reed was released on parole between the first and second in-prison offenses, subdivision (c) of section 1170.1 allowed the imposition of a full consecutive term, rather than one-third the middle term, for the second offense.

DISPOSITION

The judgment is affirmed.

Kline, P. J., and Phelan, J., concurred.