Filed 11/17/20

CERTIFIED FOR PUBLICATION


IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Butte)

----


| THE PEOPLE, | C092118 |
| Plaintiff and Respondent, | (Super. Ct. No. 18CF07984) |
| v. | |
| WILLIAM STANLEY ROSEBERRY, | |
| Defendant and Appellant. | |


APPEAL from a judgment of the Superior Court of Butte County, Kristen A. Lucena, Judge. Affirmed.

Stephanie L. Gunther, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Michael P. Farrell, Senior Assistant Attorney General, Daniel B. Bernstein, Supervising Deputy Attorney General, Stephanie A. Mitchell, Deputy Attorney General, for Plaintiff and Respondent.


1

Defendant William Stanley Roseberry committed multiple felonies while serving a term in state prison. In connection with defendant's second in-prison felony, the trial court imposed a stand-alone state prison term of two years. Defendant contends the trial court: (1) thereby contravened Penal Code section 1170.1, subdivision (c) (statutory section references that follow are to the Penal Code), which governs sentencing for in-prison felonies, because only one-third of the base term should have been imposed; and (2) erred by failing to pronounce a single determinate term of imprisonment, "treat[ing] this case as a stand-alone case, which it was not." Because defendant has not carried his burden to show error by an adequate record, we affirm.

## FACTS AND PROCEDURAL HISTORY

In June 2015, defendant began serving a five-year term in state prison for willfully inflicting corporal injury on a spouse or cohabitant (§ 273.5, subd. (a)). While serving that time, defendant brought a controlled substance into prison (§ 4573).

In December 2015, for defendant's in-prison offense and pursuant to section 1170.1, subdivision (c), a trial court imposed a three-year prison term consecutive to the five-year term defendant was already serving for the corporal injury offense.

In November 2018, a Butte County prosecutor filed a complaint alleging new in-prison offenses, including that in October 2018 defendant failed to return to confinement while temporarily released (§ 4530, subd. (c)).

In February 2019, defendant was transported with a detainer from state prison to the Butte County jail to face the new charges.

In June 2019, the trial court granted defendant's request to set bail, though it appears defendant remained in county jail.

In January 2020, defendant pleaded "no contest" to the section 4530 offense, and all remaining charges were dismissed. The trial court referred the matter to the probation

department for a presentence report and scheduled the sentencing hearing for March 2020.

The February 2020 presentence report explained that a probation officer contacted the California Department of Corrections and Rehabilitation (CDCR), and learned that defendant's "original projected parole date" of July 12, 2019, "was extended several times due to in-custody disciplinary write-ups which occurred" in state prison after defendant committed the instant offense and before his transfer to the Butte County jail. The report explained that "as of February 4, 2020, [defendant's] projected parole date is June 4, 2020."

Sentencing occurred on June 4, 2020, after the hearing was postponed three times (twice on defendant's motions). Another attorney specially appeared for defendant's counsel of record.

Specially appearing counsel explained that notes provided to him by counsel of record indicated "[t]here was an issue where parole for [defendant] in a separate matter had been extended to today's date. . . . [¶] There is an issue regarding some of the credits. He's been in custody throughout the duration of this case doing dead time. [¶] [Counsel of record] indicates that they are operating under the impression that [defendant] had been off of parole in July of 2019 or he had but somehow it had been extended to today's date. So there's a lot of dead time there."

The trial court sentenced defendant to state prison for the middle term of two years, and then queried a probation officer regarding credits for time served. The probation officer said defendant had "zero custody days pursuant to" *In re Rojas* (1979) 23 Cal.3d 152. In *Rojas* "our high court . . . recognized" that section 2900.5(b)'s requirement that credit "be given only once for a single period of custody attributable to multiple offenses for which a consecutive sentence is imposed," "means[ ] 'a defendant is not to be given credit for time spent in custody if during the same period he is already serving a term of incarceration,' " "because the defendant would have been in custody

3

serving the earlier sentence had there been no other matters pending." (*People v. Phoenix* (2014) 231 Cal.App.4th 1119, 1128.)

Specially appearing counsel "lodge[d] an objection to the zero credits on behalf of" counsel of record, arguing that counsel of record "indicates there was an impression that parole had concluded on July 2019, but it had been extended. That was something that was not known to the parties until recently. I have no legal authority."

Defendant addressed the trial court directly, "I have documentation that I paroled out and documentation from this jail that I was getting credit for time served 7/9/19."

Defendant timely appealed his sentence.

## DISCUSSION

Defendant contends the trial court erred by imposing a "full and consecutive term" for his *second* in-prison offense because he "already received that aggravated punishment" when sentenced for his *first* in-prison offense, and he "was still serving the original" term. Defendant maintains that section 1170.1, subdivision (c) required the trial court to sentence him to one-third the midterm for his second in-prison offense.

The People argue section 1170.1, subdivision (c) is inapplicable, because defendant "had completed his prison sentences for his outside and first in-prison offenses before he was released on parole and sentenced on the current offense."

In light of the incomplete record on appeal, we conclude that defendant has not carried his burden to show trial court error by an adequate record. Accordingly, we affirm the judgment.

Subdivision (a) of section 1170.1 explains that, generally, if a defendant is convicted of multiple offenses and the trial court imposes consecutive terms, "the subordinate term for each consecutive offense shall consist of one-third of the middle term of imprisonment prescribed for each other felony conviction for which a consecutive term of imprisonment is imposed . . . ."

4

But subdivision (c) of section 1170.1 provides: "In the case of any person convicted of one or more felonies *committed while the person is confined in the state prison* . . . [and] the court imposes consecutive terms, the term of imprisonment for all the convictions that the person is required to serve consecutively *shall commence from the time the person would otherwise have been released* from prison. If the new offenses are consecutive with each other, the principal and subordinate terms shall be calculated as provided in subdivision (a). This subdivision shall be applicable in cases of convictions of more than one offense in the same or different proceedings." (Italics added.)

Subdivision (c) of section 1170.1 "speaks of consecutive terms for in-prison offenses commencing 'from the time the person would otherwise have been released from prison,' that is, from the time one is released from prison for the *out-of-prison* offense or offenses initially causing the imprisonment. In this way the in-prison offenses are punished more harshly. The first one becomes, in effect, a new 'principal' term rather than one 'subordinate' to the outside offense term, as could occur under subdivision (a)." (*People v. Reed* (1993) 17 Cal.App.4th 302, 305-306 (*Reed*).)

"Our Supreme Court has left open the question whether section 1170.1, subdivision (c) (formerly subd. (b)) would allow a longtime inmate to commit a series of in-prison offenses, be sentenced under the principal-subordinate scheme and then have further in-prison offenses committed *years later* calculated only as further subordinate-term time. (*People v. McCart* [1982] 32 Cal.3d 338, 345, fn. 8 [*McCart*].)" (*Reed*, *supra*, 17 Cal.App.4th at p. 306.)

But the *McCart* court indicated that, for purposes of section 1170.1, subdivision (c), it matters whether an inmate's in-prison offenses are committed during the original prison term for the out-of-prison offense, or during a term for an in-prison offense. (Cf. *McCart*, *supra*, 32 Cal.3d at p. 345 ["commentators have suggested that a single aggregate term should be calculated for all in-prison offenses committed during the prisoner's *original* prison term"], italics added.)

5

Relatedly, we ruled recently that section 1170.1, subdivision (c) "does *not* apply [when a] defendant completed the prison term he was serving *before being sentenced* on the" in-prison offense. (*People v. Brantley* (2019) 43 Cal.App.5th 917, 920 (*Brantley*), italics added; *id.* at p. 922 ["a reading of the plain language of subdivision (c) makes apparent that this provision does not apply once the prisoner has completed the sentence he or she was serving when the in-prison crime was committed"].)

Here, defendant began serving a five-year term in state prison in June 2015. But the record is silent regarding how many custody credits (if any) were calculated in connection with that term. Then in December 2015, and pursuant to section 1170.1, subdivision (c), a trial court imposed a three-year term for defendant's first in-prison offense, consecutive to the term for the out-of-prison offense. In October 2018--more than three years after defendant was sentenced for his out-of-prison offense--defendant committed his second in-prison offense.

On this record, it is unclear when defendant finished his original prison term and began serving his term for his first in-prison offense. This is so because it is entirely plausible that, when the trial court sentenced defendant for his out-of-prison offense, it calculated at least one year and nine months of credit towards the sentence. If so, defendant might have completed his *original* term *before* he committed his second in-prison offense in October 2018. In that case, *McCart* indicates that defendant was *not* entitled to the one-third of the base term rule, but properly was sentenced to a full consecutive term.

Thus, because the record does not permit us to determine with any confidence whether defendant completed his original prison term when he committed the offense at issue now, we must affirm. (See *People v. Mack* (1986) 178 Cal.App.3d 1026, 1032 ["Appellant has the burden of showing error by an adequate record and has failed to sustain his burden"].)

Related to, and closer to the issue as framed by the parties, it is also unclear when defendant was *actually* paroled (if ever), and therefore whether defendant was serving his original term or *any* prison term when the trial court sentenced him on June 4, 2020. Further complicating the analysis is the lack of clarity regarding whether--after the February 2020 probation report was generated and before June 2020 sentencing-- defendant earned or forfeited any credits, thereby possibly advancing or pushing back his projected parole date. (Cf. *People v. Buckhalter* (2001) 26 Cal.4th 20, 31, 33-34 [a person serving a prison sentence, even when temporarily away from prison to permit court appearances, can "shorten their determinate terms . . . by performing, or making themselves available for participation, in work, training or education programs established by the Director" of CDCR, and "[s]uch prison worktime credits, once earned, may be forfeited for prison disciplinary violations and, in some cases, restored after a period of good behavior. [Citations.] Accrual, forfeiture, and restoration of prison worktime credits are pursuant to procedures established and administered by the Director"].) (See *Reed*, *supra*, 17 Cal.App.4th at p. 307 [though a parolee is deemed in custody until the expiration of the parole period, the parole period is not part of the sentence].)

In February 2019, defendant was transported with a detainer from state prison to the Butte County jail, and was granted bail in June 2019, though he remained in custody. In February 2020, defendant's projected parole date was June 4, 2020, which coincidentally was the day the trial court actually sentenced defendant on the instant offense. At the sentencing hearing, specially appearing counsel gave conflicting signals to the trial court regarding when, if ever, defendant was paroled, when he explained that counsel of record "indicate[d] that they are operating under the impression that [defendant] had been off of parole in July of 2019 or he had but somehow it had been extended to" the date of the hearing. Then defendant told the trial court that he had

7

"documentation that [he] paroled out and documentation from this jail that I was getting credit for time served 7/9/19."

Thus, the record does not establish whether defendant was sentenced while serving his original term, his term for the in-prison offense, or any term. Accordingly, we cannot (and therefore do not) resolve the parties' dispute whether defendant was on parole at the time sentence was imposed in the instant matter.

Viewed through the lens of *Brantley*, and given this incomplete record, it is fatal to defendant's claim that he has not shown that when he was sentenced on June 4, 2020, he was still serving a prison sentence. (See *Brantley*, *supra*, 43 Cal.App.5th at p. 922 [section 1170.1, subdivision (c) is inapplicable at sentencing "once the prisoner has completed the sentence he or she was serving when the in-prison crime was committed"].)

Defendant's attempt to distinguish *Brantley* is unpersuasive, because he concedes that the record does not establish "whether or not [defendant] was still serving the previous term when he was sentenced on the new offense." That is precisely why we must affirm.

Defendant argues the trial court erred by failing to pronounce a single aggregate term, "as this case should have been treated as the subordinate term to the last two terms." The People argue the trial court did not err, because defendant "had completed his prison sentences on his outside and first in-prison offenses before he was sentenced on the current offense."

Our resolution of defendant's first claim also resolves his second claim. Because the record is unclear if defendant was paroled before imposition of sentence (and therefore whether defendant was serving a term of imprisonment at the time sentence was pronounced), we cannot say that the trial court should have pronounced a *combined* sentence of consecutive determinate terms. (Cf. *People v. Nunez* (2008) 167 Cal.App.4th 761, 765 [" '[M]ultiple *consecutive* determinate terms must be combined into a single,

8

"aggregate term of imprisonment for all [such] convictions" [citation] that merges all terms to be served consecutively' "], italics added.)

DISPOSITION

The judgment is affirmed.

                                          _____

HULL, Acting P. J.

We concur:

_____

MAURO, J.

_____

MURRAY, J.