Filed 2/25/25  P. v. Merritt CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C100807 |
| Plaintiff and Respondent, | (Super. Ct. No. 09F03812) |
| v. | |
| DEVIN MICHAEL MERRITT, | |
| Defendant and Appellant. | |

Defendant Devin Michael Merritt pled guilty to five counts of robbery and other felony offenses in San Diego County Superior Court (San Diego case).  While serving his sentence in the San Diego case, a jury in Sacramento County Superior Court convicted Merritt of assault with a deadly weapon against another inmate (Sacramento case).  The trial court found that Merritt had served two prior prison terms under Penal Code former

section 667.5, subdivision (b).[1]  The court sentenced Merritt to 25 years to life under the "Three Strikes" law and imposed a determinate term of five years, which included two one-year prior prison term enhancements.  The court ordered the term to be served consecutively to the San Diego case.

In 2023, the court in the Sacramento case recalled and resentenced Merritt under section 1172.75.  Prior to resentencing, Merritt filed a sentencing memorandum, which included his request that the Sacramento court resentence him on both the San Diego and Sacramento cases, as well as a *Romero*[2] motion in which he sought the court to dismiss the strike in the Sacramento case.  The court concluded it lacked jurisdiction to resentence Merritt in the San Diego case, denied Merritt's *Romero* motion, and struck the prior prison term enhancements in the Sacramento case.  The court resentenced Merritt in the Sacramento case to 25 years to life plus three years.

Merritt contends the trial court erred when it found it did not have jurisdiction under section 1172.75 to resentence him in the San Diego case.  Merritt further contends the trial court abused its discretion in denying his *Romero* motion.  We disagree and will affirm the judgment.

FACTUAL AND PROCEDURAL BACKGROUND

In 2005, Merritt pled guilty to five counts of robbery (§ 211), attempted robbery (§§ 211, 664), carjacking (§ 215), and assault with a firearm (§ 245, subd. (a)(2)) stemming from a series of convenience store robberies in San Diego County.  The court sentenced Merritt to 48 years four months.

In 2011, a Sacramento County jury convicted Merritt of assault with a deadly weapon against another inmate (§ 4501).  The jury also found true that Merritt personally

---

[1]     Undesignated statutory references are to the Penal Code.

[2]     *People v. Superior Court* (*Romero*) (1996) 13 Cal.4th 497.

2

inflicted great bodily harm on the victim (§ 12022.7, subd. (a)). The court found true that Merritt served two prior prison terms. It sentenced Merritt under the Three Strikes law (§ 667, subds. (b)-(i)) to an indeterminate sentence of 25 years to life plus a five-year determinate sentence. The determinate sentence consisted of three years for inflicting great bodily injury (§ 12022.7, subd. (a)) and two years for the two prior prison term enhancements (§ 667.5, subd. (b)). Pursuant to section 1170.1, subdivision (c) and section 4501, subdivision (a), the sentence imposed in the Sacramento case ran consecutively to the sentence in the San Diego case.

In 2023, the Department of Corrections and Rehabilitation informed the Sacramento trial court that Merritt was eligible for resentencing under section 1172.75 because Merritt's judgment in the Sacramento case included sentence enhancements under section 667.5, subdivision (b), which are now legally invalid.

Prior to resentencing, Merritt claimed his sentences in the San Diego and Sacramento cases were aggregate and that the Sacramento County court should resentence him in both cases. Merritt also moved the court under *Romero* to dismiss the prior strike in the Sacramento case. Merritt argued he was a youthful offender when he committed the underlying offense (§ 1016.7; Cal. Rules of Court, rule 4.423(b)(6)), his crimes were remote, his childhood trauma was connected to the crimes, and that the severity of the sentence was not consistent with the purpose of the Three Strikes law. Merritt also provided the court with several certificates, positive chronologies, and communications from family members to demonstrate he had family support.

The People conceded the prior prison enhancements in the Sacramento case should be dismissed pursuant to section 1172.75, but argued the court did not have jurisdiction under section 1172.75 to resentence Merritt in the San Diego case. The People further argued the court should not grant Merritt's *Romero* motion because his criminal history was substantial and increasing in seriousness, he committed approximately 28 serious rules violations in prison, continued to use drugs and alcohol,

3

continued his criminal behavior demonstrating he had not matured with age, and his rehabilitative efforts only began in 2022.

The court reviewed the parties' briefs as well as additional documentation provided by defense counsel, which demonstrated Merritt's participation in coursework and education in support of both Merritt's resentencing brief and *Romero* motion. The court also reviewed the supplemental probation report, which recommended striking the two prior prison enhancements and otherwise imposing the same sentence in the Sacramento case.

The court concluded that only the Sacramento case included convictions under section 667.5, subdivision (b) and Merritt's effort to combine the two cases under section 1172.75 was "inconsistent with the directive of . . . section 1170.1[, subdivision] (c), which directs that where pre- and post-prison convictions exist, the terms imposed for crimes committed . . . in . . . prison . . . shall commence from the time the person would otherwise have been released from prison." The court further determined that no case law authorized it to resentence Merritt in the San Diego case under section 1172.75 and denied Merritt's request to resentence him in both cases.

In ruling on Merritt's *Romero* motion, the court found Merritt's criminal history was replete with violent and assaultive crimes and that Merritt had shown no interest in complying with prison rules until 2022. The trial court acknowledged Merritt suffered "extensive mistreatment" and trauma as a child and that since 2022, he has made "a noteworthy and commendable effort" to rehabilitate himself. After considering the violent nature of the underlying offense, the prior strikes in the San Diego case, Merritt's disciplinary record in prison, mitigating evidence, and Merritt's recent rehabilitative efforts, the court decided that Merritt did not fall outside the spirit of the Three Strikes law because the harm he inflicted over the course of 23 years "substantially outweigh[ed] his current progress on his path toward rehabilitation." As such, the court declined to

exercise its discretion under section 1385 to dismiss Merritt's prior strike conviction in the Sacramento case.

The trial court then resentenced Merritt under section 1172.75. The court dismissed both of Merritt's prior prison enhancements in the Sacramento case, which reduced his sentence to an indeterminate sentence of 25 years to life plus a determinate sentence of three years.

Merritt timely appealed.

## DISCUSSION

### I

### *Section 1172.75 Jurisdiction*

Merritt argues the trial court erred when it found section 1172.75 did not apply to the San Diego case because his sentences in the San Diego and Sacramento cases are aggregate. We disagree.

We review the interpretation of a statute de novo. (*People v. Lewis* (2021) 11 Cal.5th 952, 961.) " ' " ' "As in any case involving statutory interpretation, our fundamental task here is to determine the Legislature's intent so as to effectuate the law's purpose. [Citation.] We begin by examining the statute's words, giving them a plain and commonsense meaning." ' " ' " (*Ibid*.) "When statutory language is clear and unambiguous, there is no need for construction and courts should not indulge in it." (*People v. Overstreet* (1986) 42 Cal.3d 891, 895; see also *In re N.R.* (2023) 15 Cal.5th 520, 538.)

Section 1172.75, subdivision (b) requires the Secretary of the Department of Corrections and Rehabilitation to identify persons in custody currently serving a term for a judgment that includes legally invalid prior prison term enhancements (§ 667.5, subd. (b)) and to provide their information to the "sentencing court" that imposed the enhancements. Upon receiving this information, section 1172.75, subdivision (c) requires the sentencing court to verify that the current judgment includes a now legally

5

invalid sentencing enhancement. If the sentencing court verifies the current judgment includes an invalid enhancement the court shall recall the sentence and resentence the defendant. (§ 1172.75, subd. (c).)

The court in the Sacramento case was the "sentencing court" under section 1172.75, subdivision (b) as it imposed a sentence that contained now legally invalid enhancements. Therefore, it had jurisdiction to resentence Merritt. The parties do not dispute Merritt was eligible for recall and resentencing under section 1172.75 in the Sacramento case. We accept the parties' agreement on this point.

Merritt claims the court had jurisdiction to resentence him in the San Diego case, asserting his sentence in both cases were aggregated. Not so. The court in the Sacramento case imposed a consecutive sentence, as required by statute. (§§ 4501, subd. (a), 1170.1, subd. (c).) Therefore, the term for the in-prison offenses in the Sacramento case did not become part of the aggregate prison term imposed for the out-of-prison offenses from the San Diego case. (*People v. Reed* (1993) 17 Cal.App.4th 302, 305; *People v. Escobedo* (2023) 95 Cal.App.5th 440, 451.)

Accordingly, the court lacked jurisdiction to resentence Merritt in the San Diego case.

II

*Romero Motion*

Merritt contends the trial court abused its discretion by denying his *Romero* motion. We again disagree as the trial court properly determined that Merritt did not fall outside the spirit of the Three Strikes law.

When deciding whether to dismiss a prior strike allegation, a trial court determines whether the defendant falls outside the spirit of the Three Strikes law. (*People v. Williams* (1998) 17 Cal.4th 148, 161.) To make this determination, the trial court considers (1) the nature and circumstances of the present felony, (2) the nature and circumstances of the prior strike offenses, and (3) the particulars of the defendant's

6

background, character, and prospects for the future. (*Ibid*.) The trial court is not required to state reasons for declining to strike a prior and, in the absence of evidence to the contrary, we presume that the trial court considered all of the relevant factors and properly applied the law. (*In re Large* (2007) 41 Cal.4th 538, 550-551.)

We review a decision declining to dismiss a prior strike allegation for abuse of discretion. (*People v. Carmony* (2004) 33 Cal.4th 367, 375.) A trial court abuses its discretion when it refuses to strike a prior felony conviction only in limited circumstances, such as where the court is unaware of its discretion to dismiss or considers impermissible factors in refusing to dismiss, or if the sentencing norm under the Three Strikes law leads, as a matter of law, to an arbitrary, capricious, or patently absurd result given the circumstances of the individual case. (*Carmony*, at p. 378.)

Additionally, the burden is on the party attacking the sentence to show that the sentencing decision was irrational or arbitrary. (*People v. Carmony*, *supra*, 33 Cal.4th at p. 376.) Only in the "extraordinary case—where the [*Williams* factors] manifestly support the striking of a prior conviction and no reasonable minds could differ," will the failure to strike constitute an abuse of discretion. (*Id*. at p. 378.) An appellate court may not substitute its judgment for that of the trial court. (*Id*. at p. 377.)

Here, the record shows that the trial court considered the relevant factors described in *Williams* and reasonably applied them to the facts. The court considered all mitigating evidence presented by Merritt including that Merritt was a youthful offender, suffered from childhood trauma, and that Merritt began to make efforts at rehabilitation in 2022. The court found, however, the violent nature of the underlying offense, the prior strikes in the San Diego case, and Merritt's disciplinary record in prison "substantially outweigh[ed] his current progress on his path toward rehabilitation." This statement indicates the trial court understood its discretion and identified the various facts that informed its finding that Merritt fell within the spirit of the Three Strikes scheme. On this record, we cannot say the court abused its discretion.

DISPOSITION

The judgment is affirmed.

/s/
EARL, P. J.

We concur:

/s/
ROBIE, J.

/s/
DUARTE, J.