Filed 6/25/25  P. v. Holford CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>  v.<br><br>CURTIS DEE HOLFORD,<br><br>    Defendant and Appellant. | C101338<br><br>(Super. Ct. Nos. 08F0377,<br>13F01360 ) |

In 2009, a jury convicted defendant Curtis Dee Holford of possession of child pornography (the 2009 case).  The trial court sentenced him to 14 years in state prison, including two years for prior prison term enhancements.  (Pen. Code, § 667.5, subd. (b).)[1]  In 2014, a jury found defendant guilty of oral copulation of a child 10 years of age or younger and a lewd and lascivious act upon a child under the age of 14 years (the 2014

---

[1]      Undesignated statutory references are to the Penal Code.

1

case).  The trial court also found true two prior prison term enhancements.  Defendant completed his sentence for the 2009 case in 2019.

In 2023, the trial court recalled and resentenced defendant in the 2014 case pursuant to section 1172.75.  Defendant appeals from the resentencing order claiming the trial court erred by failing to resentence him in both the 2009 and 2014 cases.  We disagree and affirm.

FACTUAL AND PROCEDURAL BACKGROUND

In 2009, a jury convicted defendant of possession of child pornography (§ 311.11).  (*People v. Holford* (2012) 203 Cal.App.4th 155, 158.)  The trial court found defendant previously had been convicted of a strike offense within the meaning of the Three Strikes law and that defendant had served two prior prison terms (§§ 667, subds. (b)-(i), 1170.12, 667.5, subd. (b)).  (*Holford*, at pp. 158-159.)  The trial court sentenced defendant to an aggregate term of 14 years in state prison (including two consecutive one-year terms for the prior prison term enhancements).  (*Id*. at p. 159.)  In 2012, this court affirmed the judgment.  (*Id*. at p. 187.)

In 2014, while defendant was in prison serving his sentence in the 2009 case, a jury convicted him of oral copulation of a child 10 years of age or younger (§ 288.7, subd. (b)), and a lewd and lascivious act upon a child under the age of 14 years (§ 288, subd. (a)).  The trial court sentenced defendant to an indeterminate term of 30 years to life plus a determinate term of 23 years.  The determinate term included two 1-year prior prison term enhancements (§ 667.5, subd. (b)).  The trial court imposed the sentence in the 2014 case consecutive to the sentence in the 2009 case.  We affirmed the judgment in the 2014 case.  (*People v. Holford* (Mar. 28, 2017, C077492) [nonpub. opn.].)

In 2023, the Department of Corrections and Rehabilitation notified the trial court defendant was eligible for resentencing under section 1172.75 in the 2014 case.  The People conceded defendant was eligible for resentencing in the 2014 case because the trial court imposed two prior prison term enhancements.  Defendant claimed he was

entitled to a full resentencing in both the 2009 and the 2014 cases. At the resentencing hearing, the trial court indicated defendant was not eligible for resentencing in the 2009 case because defendant completed that sentence on October 14, 2019. Defense counsel argued any reduction of the sentence in the 2009 case would, in theory, "impact . . . the amount of time that he has to [serve]" in the 2014 case. The court denied resentencing defendant in the 2009 case, concluding the issue was moot under "the plain language of Penal Code Section 1172.75[, subdivision ](a), [and] under the spirit of the [Senate Bill No.] 483 law" because defendant had "completed his period of incarceration for that case . . . and he [was] not on parole or suffering any of the consequences of that case at this time."

The trial court recalled and resentenced under section 1172.75 in the 2014 case, striking the two 1-year prior prison term enhancements and imposing an indeterminate sentence of 30 years to life and a determinate sentence of 21 years.

Defendant timely appealed.

DISCUSSION

Defendant argues the trial court should have resentenced him in the 2009 case despite conceding he had completely "served his time on that case as of October 14, 2019." The People argue defendant's claim is moot because he is not " 'currently serving a term' " in the 2009 case.

We review questions of statutory interpretation de novo. (*People v. Curiel* (2023) 15 Cal.5th 433, 461.) " ' " 'As in any case involving statutory interpretation, our fundamental task here is to determine the Legislature's intent so as to effectuate the law's purpose. [Citation.] We begin by examining the statute's words, giving them a plain and commonsense meaning.' " ' " (*People v. Gonzalez* (2017) 2 Cal.5th 1138, 1141.) " ' "[W]e look to 'the entire substance of the statute . . . in order to determine the scope and purpose of the provision . . . .[Citation.]' [Citation.] That is, we construe the words in question ' "in context, keeping in mind the nature and obvious purpose of the

3

statute. . . . " [Citation.]' [Citation.] We must harmonize 'the various parts of a statutory enactment . . . by considering the particular clause or section in the context of the statutory framework as a whole.' " ' " (*People v. Lewis* (2021) 11 Cal.5th 952, 961.) "When statutory language is clear and unambiguous, there is no need for construction and courts should not indulge in it." (*People v. Overstreet* (1986) 42 Cal.3d 891, 895.)

"Prior to January 1, 2020, section 667.5, subdivision (b) required trial courts to impose a one-year sentence enhancement for each true finding on an allegation the defendant had served a separate prior prison term and had not remained free of custody for at least five years. (Former § 667.5, subd. (b).) Effective January 1, 2020, Senate Bill No. 136 (2019-2020 Reg. Sess.) (Senate Bill 136) (Stats. 2019, ch. 590) amended section 667.5 by limiting the prior prison term enhancement to only prior terms for sexually violent offenses. [Citations.] Enhancements based on prior prison terms served for other offenses became legally invalid." (*People v. Burgess* (2022) 86 Cal.App.5th 375, 379-380 (*Burgess*).)

"Later, in 2021, the Legislature enacted Senate Bill No. 483 (2021-2022 Reg. Sess.) (Senate Bill 483). This bill sought to make the changes implemented by Senate Bill 136 retroactive. [Citation.] It took effect on January 1, 2022, and added former section 1171.1, now section 1172.75, to the Penal Code." (*Burgess*, *supra*, 86 Cal.App.5th at p. 380.)

Defendant claims the plain language of section 1172.75 entitles defendant to a full resentencing in both the 2009 and 2014 cases. We disagree. "Section 1172.75 states that '[a]ny sentence enhancement that was imposed prior to January 1, 2020, pursuant to subdivision (b) of [s]ection 667.5, except for any enhancement imposed for a prior conviction for a sexually violent offense . . . is legally invalid.' [Citation.] The statute further establishes a mechanism to provide affected defendants a remedy for those legally invalid enhancements. Subdivision (b) of section 1172.75 directs the Secretary of the Department of Corrections and Rehabilitation . . . and the correctional administrator of

4

each county to 'identify those persons in their custody *currently serving* a term for a judgment that includes an enhancement described in subdivision (a) and . . . provide the name of each person, along with the person's date of birth and the relevant case number or docket number, to the sentencing court that imposed the enhancement.' " (*Burgess*, *supra*, 86 Cal.App.5th at p. 380, italics added.)

As required by statute, the trial court sentenced defendant to consecutive sentences in the 2014 case. (§ 1170.1, subd. (c) [requiring the court to impose consecutive terms for persons convicted of one or more felonies while in prison, and for defendants to serve such terms consecutively commencing from the time the person would otherwise have been released from prison].) The trial court in the 2014 case was the "sentencing court" under section 1172.75, subdivision (b), as it imposed a sentence that contained enhancements that are now legally invalid. Because the term for the in-prison offenses in the 2014 case was consecutive to the sentence in the 2009 case, the 2014 sentence did not become part of the aggregate prison term the trial court imposed for the out-of-prison offenses in the 2009 case. (*People v. Reed* (1993) 17 Cal.App.4th 302, 305; *People v. Escobedo* (2023) 95 Cal.App.5th 440, 451.)

Defendant concedes he finished serving the sentence imposed in the 2009 case in 2019. Because defendant was no longer "currently serving" the sentence from the 2009 case when the trial court recalled his sentence in 2023, the plain language of section 1172.75 establishes defendant was not eligible for resentencing in the 2009 case. (*People v. Escobedo*, *supra*, 95 Cal.App.at p. 447 [defendants not currently serving sentences with now illegal prior prison term enhancements are not eligible for relief under § 1172.75].)

DISPOSITION

The judgment is affirmed.

/s/
WISEMAN, J.*

We concur:

/s/
ROBIE, Acting P. J.

/s/
BOULWARE EURIE, J.

* Retired Associate Justice of the Court of Appeal, Fifth Appellate District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

6